**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

JEROME CHISHOLM, #335354,

Petitioner,

v.

WARDEN OF TYGER RIVER CORRECTIONAL INSTITUTION,

Respondent.

CIVIL ACTION NO. 9:15-311-RBH-BM

**REPORT AND RECOMMENDATION**

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on January 16, 2015.[1]

The Respondent filed a return and motion for summary judgment on May 18, 2015. As the Petitioner is proceeding pro se, a Roseboro order was filed on May 21, 2015, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition on June 22, 2015.

This matter is now before the Court for disposition.[2]

---

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule (continued...)





## Procedural History

Petitioner was indicted in Greenwood County in December 2005 for criminal sexual conduct with a minor in the first degree [Indictment No. 05-GS-24-1386]. (R.pp. 611-612). Petitioner was represented by E. Charles Grose, Jr., Esquire, and after a jury trial on June 15-18, 2009, he was found guilty as charged. (R.pp. 1-494). Petitioner was sentenced to thirty (30) years imprisonment. (R.pp. 493, 613).

Petitioner filed a direct appeal in which he was represented by Robert M. Pachak, Assistant Appellate Defender with the South Carolina Commission on Indigent Defense. Counsel raised the following issues:

> **Ground One:** Whether the State had sufficient probable cause to obtain oral swabs from appellant when there was insufficient evidence to establish that the blood found in the victim's underwear was the result of trauma caused by the alleged sexual assault?
>
> **Ground Two:** Whether the trial court erred in failing to exclude the HIV test results when no chain of custody was established?
>
> **Ground Three:** Whether the trial court erred in failing to exclude HIV test results when the probative value of such evidence was substantially outweighed by the danger of unfair prejudice?
>
> **Ground Four:** Whether the trial court erred in overruling defense counsel's motion for a mistrial after Dr. Pritchard testified that the victim told her that appellant did something bad because it was improper hearsay.

(R.p. 499).

On October 26, 2011, the South Carolina Court of Appeals entered its order dismissing the direct appeal. See State v. Chisolm, 717 S.E.2d 614 (S.C.Ct.App. 2011). See also (R.pp. 530-540). The

---

(...continued)
73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



remittitur was issued on November 14, 2011. See Court Docket No. 18-5.

On January 26, 2012, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; Chisolm v. State of South Carolina, No. 2012-CP-24-0092; raising the following issues:

> **Ground One**: Ineffective Assistance of Trial Counsel: Defendant[']s counsel did not offer a defense.
>
> **Ground Two:** Due process violation: Time frame between arrest and trial.
>
> **Ground Three:** 6th & 14th amendment violation.

(R.p. 543).

Petitioner was represented in his APCR by Bradley W. Knott, Esquire, and an evidentiary hearing was held on Petitioner's application on November 29, 2012. (R.pp. 555-597). In an order dated March 25, 2013 (filed on March 27, 2013), the PCR judge denied relief on the APCR in its entirety. (R.pp. 599-610).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Susan B. Hackett, Assistant Appellate Defender with the South Carolina Commission on Indigent Defense, who filed a Johnson[3] petition seeking to be relieved as counsel and raising the following issue:

> Did the PCR court err in denying Petitioner relief from his conviction and sentence where trial counsel, in violation of Petitioner's right to the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, failed to file a motion for a speedy trial when the most damaging evidence against him was discovered over a year after he was arrested for the alleged offense?

---

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 738, 744 (1967).



See Court Docket No. 18-7, p. 3.

On October 8, 2014, the South Carolina Supreme Court denied Petitioner's writ of certiorari and granted counsel's motion to be relieved. See Court Docket No. 18-8. The Remittitur was sent down on October 24, 2014. See Court Docket No. 18-9.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issue:

> **Ground One:** Violation of Petitioner's Rights by trial counsel as ineffective in failure to file a motion for a speedy trial as guaranteed by 6th & 14th Amendments.
>
> Supporting Facts: Trial counsel admits that he had not discussed or filed a speedy trial motion with and on Petitioner's behalf. Petitioner spent over 3 ½ years in jail awaiting trial. Additional damaging evidence was produced by prosecution approximately 2 years in Petitioner's pre-trial incarceration and admitted to by trial counsel.

See Petition, p. 6 .

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services,



901 F.2d 387 (4th Cir. 1990).

The PCR court order addressed Petitioner's claim of ineffective assistance of trial counsel due to counsel's failure to move for a speedy trial. (R.pp. 605-606). Petitioner had the burden of proving the allegations in his PCR petition, as well as on appeal to the South Carolina Court of Appeals. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986); see also See Court Docket No. 18-8. The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Chisholm v. State of South Carolina, No. 12-CP-24-0092.

Specifically, the PCR judge found that: 1) with regard to Petitioner's allegation that counsel was ineffective for failing to file a Motion for a Speedy Trial, the issue was not raised in Petitioner's original application and no amended application was filed; 2) therefore, that issue was not properly before the court; 3) however, even assuming arguendo that the issue was properly before the court, the allegation was without merit; 4) trial counsel testified that this case was not the type of case in which he would file such a motion; 5) trial counsel explained that, although quite prepared for trial, he wanted to avoid a trial based on the facts and evidence in this case; 6) counsel also stated he negotiated with the State to reach an agreement or a plea, but that those efforts were not successful; 7) counsel testified he would have had this discussion with the Petitioner about wanting to work out this case with the State; 8) Petitioner's allegation rests on the fact that approximately two years into his incarceration awaiting trial, the sexual assault kit of the victim, which was taken at the hospital shortly after the sexual assault, had not been analyzed; 9) the solicitor sent this kit to the South Carolina Law Enforcement Division (SLED) for analysis, where a mixture of blood and semen was found on the victim's underwear; 10) the mixture consisted of the victim's blood and an



M
p5

unidentified male's semen; 11) then, a hearing was conducted to obtain a sample of Petitioner's DNA for comparison; 12) the semen from the Petitioner matched the semen in the mixture on the victim's underwear; 13) all of this evidence was admitted into evidence over counsel's objections; 14) at the PCR hearing, Petitioner claimed counsel did not discuss with him his right to a speedy trial and claimed this aforementioned evidence would not have been admissible had counsel filed a motion for a speedy trial; 15) counsel testified that even if he had filed this motion, the solicitor would have discovered that the sexual assault examination kit had not been analyzed when he reviewed his file, and would have had the kit analyzed; 16) counsel's decision not to file a motion for a speedy trial was based on reasonable trial strategy based on the facts and evidence in this case; 17) counsel stated he was trying to negotiate with the State for a satisfactory plea agreement, which ultimately did not occur; 18) further, no prejudice can be shown because even had counsel filed this motion and the trial court granted it, the solicitor still would have had this evidence analyzed as further proof of Petitioner's guilt; and 19) thus, even if the allegation was properly raised, it would have been denied. (R.pp. 605-606).[4]

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

In a proceeding instituted by an application for a writ of habeas corpus by a person in

[4]The PCR court also made additional findings on other claims which were brought in Petitioner's PCR petition. However, since those other claims are not raised in Petitioner's federal habeas petition, those findings are not discussed herein.



> custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland, 466 U.S. at 698; Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, with regard to Petitioner's ineffective assistance of counsel claims which were adjudicated on the merits by the South Carolina state court(s), this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the



trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996). Here, for the reasons set forth and discussed hereinbelow, Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

Petitioner alleges that his trial counsel was ineffective for failing to move for a speedy trial when evidence was discovered approximately two (2) years after he was incarcerated which was used against him at trial, that would not have been if he had been tried earlier. While Respondent initially contends that this issue is procedurally barred because the PCR court did not allow Petitioner to amend his application at his hearing to pursue it, Respondent also candidly admits that there is authority in this Circuit which supports a finding that this issue is not procedurally barred. See Jones v. McCall, No. 10-49, 2010 WL 4966911 at **2-3 (D.S.C. Dec. 1, 2010). In any event, a review of the PCR hearing transcript reflects that this issue was addressed at the hearing, the PCR judge addressed it in his Order, and it was raised on appeal to the State Supreme Court. See (R.pp. 564-566, 578-579, 585-590, 605-606); Court Docket No. 18-7, p. 3. Therefore, the undersigned does not



find that this issue is procedurally barred on that basis and has addressed it on the merits.

In order to determine whether a Defendant's right to a speedy trial has been violated, the Court must balance: 1) the length of the delay; 2) the reason for the delay; 3) the Defendant's assertion of his right; and 4) prejudice to the Defendant. See Barker v. Wingo, 407 U.S. 514, 530 (1972). In this case, approximately three and half years passed from Petitioner's indictment until his trial, and at his PCR hearing, Petitioner testified that he didn't realize until after his trial that he had the right to a speedy trial. (R.pp. 564-565). Petitioner testified that he spent three and half years in county jail awaiting trial and that his counsel never discussed applying for a speedy trial with him. (R.pp. 565-566). For his part, Petitioner's trial counsel testified at the PCR hearing that he did not recall ever filing a speedy trial motion in this case and that it was not the type of case where he would have filed that type of motion. (R.p. 578). Rather, counsel testified that they were very much hoping to avoid going to trial due to the nature of the allegations and the evidence against the Petitioner. To this end, counsel testified that he made substantial efforts to try to reach some sort of negotiation for a plea situation, but that a plea offer never materialized. (R.pp. 578-579). Counsel also testified that he was using the time, with the encouragement of the solicitor's office, to see which judges were coming through that might be likely to impose a sentence that Petitioner would live with and be happy with. However, that was also completely unsuccessful. (R.p. 585).

Counsel testified that after a plea was not able to be negotiated, the solicitor started looking at his file and discovered that the rape kit had been done, but not analyzed. (R.pp. 585-586). Counsel testified that they litigated the issue regarding requiring Petitioner to give up a DNA sample, but were unsuccessful. (R.p. 586). The DNA sample from the Petitioner then came back as a match to the semen from the rape kit. (R.p. 586). Petitioner's counsel testified that, in his opinion, even



if he had moved for a speedy trial, that it would have just caused the solicitor to look at his file sooner and discover the existence of the rape kit at that time. (R.pp. 586-587). Counsel also testified about the other evidence against the Petitioner, including the child victim's testimony, eyewitness testimony, and the HIV test results. (R.p. 587). Counsel also testified that he was able to informally consult with an infectious disease expert and learn about the HIV aspect of the case, and that the information from the infectious disease expert would not have helped the Petitioner, because the information provided in the discovery about the incident was that it was very unlikely that the HIV (which both Petitioner and the victim had) would have been transmitted in an incident like that alone. Rather, the infectious disease expert would have created the impression that this was an ongoing sexual abuse situation and therefore would not have been helpful. (R.pp. 589-590).

Although Petitioner speculates that if his counsel would have moved for a speedy trial that would have affected the outcome of his case, Petitioner's own conclusory opinion is insufficient to show that his counsel was ineffective. While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. Id. at 688-689; Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966), cert. denied, 385 U.S. 863 (1966); Burger v. Kemp, 483 U.S. 776 (1987); see also Harris v. Dugger, 874 F.2d 756, 762 (11th Cir. 1989), cert. denied, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.].



Furthermore, Petitioner's counsel testified that he believed that he and Petitioner were "very much open to avoid having to go to trial because of the, uh, –one, partly the nature of the allegations but, uh, the nature of the evidence that they had against [Petitioner]," which further undermines Petitioner's claim. (R.pp. 578-579). Cf. Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)[While "[a] defendant's consent to trial strategy in itself, [does not vitiate] all claims of ineffective assistance of counsel ... [his consent is] probative of the reasonableness of the chosen strategy and of trial counsel's performance."]; see also Strickland, 466 U.S. at 689.

The PCR judge found counsel had a reasonable trial strategy based on the facts and the evidence in this case, and the undersigned can find no reversible error in this record. See Thomas v. United States, 737 F.3d 1202, 1208-1209 (8th Cir. 2013)[The decision whether to move to dismiss for a speedy trial violation is a tactical decision of trial strategy]. Cf. New York v. Hill, 528 U.S. 110, 114-115 (2000)[trial counsel could effectively waive defendant's right to be brought to trial within 180-day period specified under IAD, by agreeing to a trial date outside that time period, even without express consent by defendant]. Nor has Petitioner shown the necessary prejudice with regard to this claim. Evans, 220 F.3d at 312; Williams v. Taylor, supra; Strickland v. Washington, supra. First, Petitioner has not shown prejudice due to the overwhelming evidence of his guilt. Even excluding the evidence obtained as a result of the rape kit analysis, the evidence consisted of the child's testimony, an eye-witness, and the HIV evidence (that both Petitioner and the victim, who was six years old, tested positive for HIV). (R.pp. 204-228, 236-239, 434-435). Furthermore, Petitioner has also failed to show that the solicitor would not have simply reviewed his file earlier and obtained the same evidence, if Petitioner's trial counsel had moved for a speedy trial.

Based upon the facts of the case including, but not limited to, victim's testimony, the



testimony of the victim's mother, the HIV evidence, and the fact that the evidence from the rape kit may have simply been discovered sooner if the solicitor was preparing for trial sooner, the PCR court found that the Petitioner failed to show that he suffered the necessary prejudice to establish the second prong of the Strickland test. The undersigned agrees. When balancing the time of the delay, the defense's strategic reasons for the delay and the purposeful lack of seeking a speedy trial as part of counsel's defense strategy, along with the lack of shown prejudice, Petitioner has not shown a violation of his right to a speedy trial based on the facts in this case. See Barker, 407 U.S. at 530.

Accordingly, Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim is without merit and should be dismissed

**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary



judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

August 20, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

