Chiho

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| JEROME CHISHOLM, | ) | Civil Action No.: 9:15-cv-00311-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN OF TYGER RIVER CORRECTIONAL INSTITUTION, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Jerome Chisholm, an inmate with the South Carolina Department of Corrections proceeding *pro se,* brought this habeas corpus petition pursuant to 28 U.S.C. § 2254. [ECF #1]. In his petition, he raises one ground for habeas relief: ineffective assistance of counsel. [ECF #1, p. 6].

Currently pending before this Court is Respondent's Motion for Summary Judgment [ECF #19] and the Report and Recommendation of Magistrate Judge Bristow Marchant. [ECF #24]. The Magistrate Judge recommended that summary judgment be granted in favor of Respondent. [ECF #24]. Petitioner responded to Respondent's motion on June 22, 2015. [ECF #22]. Petitioner also timely filed objections to the Report and Recommendation on September 10, 2015. [ECF #26]. The procedural history and factual background were adequately set forth in the Report and Recommendation. [ECF #24, pp. 2-4]. This matter is now before the Court for disposition.

1

**Legal Standards of Review**

I. **Review of the Magistrate Judge's Report & Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*

II. **Summary Judgment Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See*

*Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Respondent moves for summary judgment and seeks dismissal of Petitioner's § 2254 petition arguing Petitioner is unable to satisfy the legal standard for the requested habeas relief. As his stated ground for relief in his § 2254 petition, Petitioner alleges ineffective assistance of counsel due to the failure of his trial counsel to file a motion for speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. [ECF #1, p. 6]. Specifically, Petitioner claims that trial counsel admitted that he had not discussed or filed such a motion, and that during the delay in time that he awaited trial, the prosecution produced additional damaging evidence. [ECF #1, p. 6]. The motion requesting summary judgment in favor of Respondent is based on two arguments: (1) Petitioner's claims are procedurally barred; and (2) Petitioner's claims do not meet the requisite standard for proving ineffective assistance of counsel.

**III.     Federal Habeas Review under 28 U.S.C. § 2254**

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, in considering Petitioner's ineffective assistance of counsel claim, the Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d). *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (explaining federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding"). Petitioner's ineffective assistance of counsel claim due to the alleged failure by counsel to file a speedy trial motion presented in this petition was previously adjudicated on the merits by the South Carolina state courts [ECF #24, p. 5]. The post conviction relief ("PCR") court rejected Petitioner's claim and found that his counsel's decision not to file a speedy trial motion was based on a reasonable trial strategy and that no prejudice has been shown. [ECF #18-3, p. 108]. With this standard in mind, this Court considers the application of the relevant law to Petitioner's ground for his habeas claim.

## Discussion

### I. Procedural Bar

In the Report and Recommendation, the Magistrate Judge first considered whether Petitioner is procedurally barred from raising the speedy trial claim in his § 2254 petition because the PCR judge did not allow Petitioner to amend his application to include a claim of ineffective assistance of counsel for failing to file a speedy trial motion. The Magistrate Judge concluded that the speedy trial claim was addressed at the PCR hearing and subsequently addressed in the PCR judge's

Order. [ECF #24, p. 8]. This issue was then raised on appeal to the South Carolina Supreme Court. [ECF #24, p. 8]. The Magistrate Judge therefore rejected Respondent's argument that the issue was procedurally barred on that basis, and addressed the ineffective assistance of counsel claim on the merits. Respondent did not object to the Magistrate Judge's rejection of its procedural bar argument.

Having conducted a de novo review of the state court record, this Court finds no clear error in the Magistrate Judge's conclusion that Petitioner's ineffective assistance of counsel claim based on the failure to file a speedy trial motion was addressed on the merits at the PCR hearing, in the PCR Order, and on appeal and was not procedurally barred. [ECF #18-3, p. 66-68; 80-81; 86-89; 107-108]; [ECF #18-7, p. 3].[1]

## II.     Ineffective Assistance of Counsel

Having found that Petitioner's habeas claim was not procedurally barred, the Magistrate Judge considered whether counsel's failure to file a motion for speedy trial violated Petitioner's right to counsel when evidence discovered approximately two years after he was incarcerated was produced and admitted at trial. After reviewing the record, the Magistrate Judge determined, as did the PCR judge, that Petitioner was not able to rebut the strong presumption that counsel's conduct during trial was within the range of reasonable professional assistance. [ECF #24, p. 10-11]. The Magistrate Judge also found that Petitioner was not able to show the necessary prejudice required to overturn his conviction. [ECF #24, p. 11]. The Magistrate Judge concluded that Petitioner failed to meet the § 2254(d) standard for a claim of ineffective assistance of counsel,

---

[1] In his third and final objection to the Report and Recommendation, Petitioner objects to the state's assessment that his ground for relief is procedurally barred. As fully set forth, the Magistrate Judge rejected Respondent's procedural argument. Therefore, this objection is unnecessary and overruled.

and thus recommended dismissal of Petitioner's claims because he failed to present evidence sufficient to show the state court's rejection of his claim was unreasonable. [ECF #24, p. 11-12].

Petitioner raises two objections in response to the dismissal of his claim on the merits. First, he objects to the dismissal of his petition because he claims trial counsel never made him aware of the option to file a motion for speedy trial. [ECF #26, p. 1]. Petitioner previously raised this argument in front of the PCR judge, as well. [ECF #19, p. 19]; [ECF #24, p. 6]. In order to achieve reversal of his conviction based on a claim of ineffective assistance of counsel, Petitioner must prove both of the following: (1) trial counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) trial counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The proper standard to judge counsel's performance under the first prong is that of "reasonably effective assistance." *Id.* The strong presumption is that counsel rendered adequate assistance and made all significant decisions in the exercise of "reasonable professional judgment." *Id.* at 690; *see also Mazzell v. Evatt*, 88 F.3d 263, 266 (4th Cir. 1996) (stating a defendant must show that counsel's performance "fell below an objective standard of reasonableness."). In proving the second prong, Petitioner must show that any deficiencies in counsel's performance were sufficiently prejudicial to the defense. *Strickland*, 466 at 693; *see also Evans v. Smith*, 220 F.3d 306, 317 (4th Cir. 2000) (explaining the court must determine whether there is a reasonable probability, that but for counsel's errors, the result would have been different). The question is thus whether, absent errors by counsel, the fact finder would have a reasonable doubt respecting guilt. *Strickland*, 466 U.S. at 694.

At the state PCR hearing, trial counsel testified that whether he would discuss the pros and

6

cons of a speedy trial motion with a defendant would depend upon the circumstances of a particular client's case. [ECF #18-3, p. 86]. Although trial counsel could not recall whether he and Petitioner discussed a speedy trial motion, trial counsel did remember discussing with Petitioner the strategy of resolving the case "without trial" by waiting for an opportunity to bring Petitioner's charges before a favorable sentencing judge. [ECF #18-3, p. 87]. Further, trial counsel testified that his "gut" told him that even if he filed a speedy trial motion and forced the solicitor to review the case file, the solicitor would have had the evidence examined at that time. [ECF #18-3, p. 89].

Deprivation of the right to a speedy trial does not per se prejudice the ability to defend against criminal allegations. *Barker v. Wingo*, 407 U.S. 514, 520 (1972). In fact, Petitioner does not argue in his objection or in his response to the motion for summary judgment that, had he known of his right to a speedy trial, he would have exercised that right. The PCR judge found that trial counsel's strategy of avoiding trial to achieve a satisfactory plea outcome based upon the multitude of evidence against his client was reasonable in light of those circumstances. [ECF #18-3, p. 701-108]. *See Lee v. Clarke*, 781 F.3d 114, 122-23 (4th Cir. 2015) (citing *Strickland* for the proposition that the petitioner must overcome the presumption that counsel's action might be sound trial strategy). This Court finds that the state court's determination that counsel was not deficient was neither contrary to clearly established federal law nor an unreasonable application of that law.

With respect to the second prong of *Strickland*, Petitioner has not proven that any alleged deficient performance on the part of his trial counsel prejudiced his defense. Notwithstanding the rape kit evidence tested two years after Petitioner was indicted, other overwhelming evidence of

guilt was presented during Petitioner's trial. As discussed in the Order by the PCR judge, this evidence included: (1) testimony from the child victim; (2) testimony from an eye-witness (the victim's mother); and (3) testimony that both the child victim and the Petitioner were HIV positive. [ECF #24, p. 11]; [ECF #18-3, p. 110]. The state court's rejection of Petitioner's claim of ineffective assistance of counsel based on the overwhelming evidence of guilt is not contrary to clearly established federal law nor unreasonable application of that law in light of the evidence presented. Therefore, Petitioner's first objection is overruled.

Petitioner's second objection to the Report and Recommendation is that, had a speedy trial motion been made and granted, the State would have had no motivation to re-examine the evidence kit two-and-one-half years after collection; thus the evidence would not have been introduced at trial. [ECF #26, p. 1]. Petitioner also claims that the first examination did not produce any evidence, but he fails to cite to any specific support in the record for this allegation. [ECF #26, p. 1]. Approximately three-and-one-half years passed between the time Petitioner was indicted until he was tried. Approximately two years into Petitioner's pretrial incarceration, the solicitor reviewed his file and found the existence of a rape kit with evidence obtained from the victim in the initial stages of the investigation that had never been analyzed. [ECF #18-3, p. 88]. The testing of this rape kit resulted in additional evidence against Petitioner. [ECF #18-3, p. 88; 110-111].

In order for Petitioner to prevail on his claim of violation of the right to a speedy trial, the Court must consider the four part test established by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972). The factors are: (1) length of the delay; (2) reason for the delay; (3) whether the defendant timely asserted his right; and (4) whether delay prejudiced the case. *Id.* at

530. Here, the length of the delay was approximately three-and-one-half years, thereby requiring continued review into the remaining factors. *See United States v. Hall*, 551 F.3d 257, 271 (4th Cir. 2009) (explaining that when delay approaches one year, the Supreme Court suggests a full inquiry of all 4 *Barker* factors). The reason for the delay, as explained by counsel and supported by the evidence involved in this case, was due to counsel's decision that the most advantageous course of action for Petitioner was to continue negotiating with the State, given the nature of the allegations and the evidence against his client. [ECF #18-3, p. 81]. Further, counsel testified that part of his strategy was to wait and see which judges were coming through that circuit who might have been willing to impose more favorable sentence upon Petitioner, a wait that necessarily contributed to the length of time Petitioner awaited trial. [ECF # 18-3, p. 87]. With respect to the third factor, counsel did not recall ever filing a speedy trial motion in this case. [ECF #18-3, p. 80]. However, as previously pointed out, the reason for not filing the motion was based upon the circumstances of Petitioner's case and the strategy of using the advantage of time in the plea negotiation process.

    Finally, this Court considers the fourth factor of prejudice. The rape kit was obtained in the initial stages of the investigation; it was the testing of that kit that occurred approximately two years into Petitioner's pretrial incarceration. [ECF #18-3, p. 88]. Petitioner claims that, but for the delay in time, the State would not have had the rape kit evidence examined. First, Petitioner points to no evidence in the record that supports his claim that had counsel filed, and he had been granted a request for a speedy trial, the State would have done anything different to prepare for trial had the trial occurred earlier in time, including testing the rape kit. In fact, counsel testified that, had he moved for a speedy trial, it was his belief that the solicitor would have pulled the

case file, discovered the existence of the rape kit at that time, and had it sent for testing. [ECF #18-3, p. 88-89].  Furthermore, counsel also testified that besides the rape kit, the State had the following evidence against Petitioner: (1) the child victim's testimony; (2) eyewitness testimony; and (3) HIV test results showing that both Petitioner and the child victim were HIV positive. [ECF #18-3, p. 89].

Petitioner has not provided an adequate basis to rebut the fact, pointed out by his counsel, that the solicitor would likely have looked at the evidence including the rape kit and had it analyzed it at the point that a speedy trial motion had been filed.  In other words, Petitioner has not shown that the testing of the evidence collected from the victim was only accomplished *because of* the delay in the trial, thereby proving that the delay prejudiced his case. Further, Petitioner has not established, that despite the other overwhelming evidence, he was prejudiced by the fact that his counsel did not inform him of his right to a speedy trial guaranteed by the Sixth Amendment to the United States Constitution, such that he would have demanded a motion be filed.

This Court does not find that the PCR judge's determination that counsel acted in accordance with a reasonable trial strategy in not filing a speedy trial motion based on the evidence against his client and the nature of the allegations contrary to clearly established federal law nor an unreasonable application of that law. *See Evans*, 220 F.3d at 312 (recognizing a state court's factual findings are given a presumption of correctness rebutted only by clear and convincing evidence). The Court has carefully considered Petitioner's argument concerning the speedy trial claim and conducted a de novo review of the Magistrate Judge's Report and Recommendation. Having done so, the Court concludes that the state PCR court's rejection of

Petitioner's claim of ineffective assistance of counsel for failing to file a speedy trial motion was not contrary to or unreasonable under the *Strickland* standard, nor involved an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Accordingly, this Court overrules Petitioner's objections and adopts the Magistrate Judge's recommendation as to Petitioner's stated ground for bringing this habeas claim.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

After reviewing the entire record, and for the reasons stated above and by the Magistrate Judge in the Report and Recommendation, this Court overrules Petitioner's objections [ECF #26] and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. [ECF #24].

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment [ECF #19] is **GRANTED**, and Petitioner's habeas petition [ECF #1] is **DISMISSED WITH**

**PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Florence, South Carolina  
January 12, 2016

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge